```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION
```

| | | |
|---|---|---|
| EDDIE L. HORACE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-01371 |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| HEALTH SCIENCE CENTER AT | § | |
| HOUSTON, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending is Defendant the University of Texas Health Science Center at Houston's ("Defendant") Motion for Sanctions Against Plaintiff (Document No. 28). Defendant seeks dismissal of the case as a sanction for Plaintiff's repeated and intransigent refusals to comply with his discovery obligations and with this Court's Orders compelling Plaintiff to provide Defendant with his initial disclosures and to respond to Defendant's interrogatories and requests for production.[1] *Pro se* Plaintiff Eddie Horace ("Plaintiff") has filed no response to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4.

---

[1] Document No. 28 at 1-2. *See also* Document No. 23 (Order granting Defendant's Motion to Compel Discovery and requiring Plaintiff to respond to Defendant's interrogatories and requests for production within fourteen days); Document No. 27 (Supplemental Order requiring Plaintiff to provide Defendant with his initial disclosures within fourteen days).

Rule 37 of the Federal Rules of Civil Procedure allows the district court to sanction a party for failing to comply with a discovery order by taking any number of possible actions, including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b). The Fifth Circuit looks to the following considerations when determining if dismissal is an appropriate sanction: whether failure to comply with the court's order results from wilfulness or bad faith, not from an inability to comply; whether the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions; and whether the other party's preparation for trial was substantially prejudiced. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985); Prince v. Poulos, 876 F.2d 30, 32 (5th Cir. 1989). Furthermore, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." Batson, 765 F.2d at 514 (citations omitted).

Plaintiff has not responded to this motion, as he did not respond to Defendant's previous motions to compel. He has not stated that he is unable to comply with this Court's orders or that this Court's orders are confusing, nor has he offered any reason whatever for his willful failure to comply. Plaintiff has chosen to proceed *pro se*, so there is no negligent attorney acting for him

2

to blame for Plaintiff's failure to comply with the Court's orders. Defendant asserts that it has been prejudiced because it has been unable adequately to evaluate the merits of Plaintiff's claims without his responses to discovery,[2] and necessarily had to cancel Plaintiff's deposition because Plaintiff's written discovery responses were not in hand.[3]

Although Plaintiff is proceeding *pro se*, he still must comply with the rules of procedure and court orders. *See* Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) ("The right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (per curiam). Plaintiff repeatedly has not complied with this Court's orders, and without any claimed excuse or justification for such persistent defiance ever having been offered to the Court. Plaintiff filed the case more than one year ago, and due to his failures to respond to discovery requests, and defiance of Court orders to advance the case, the case is still not off of the starter block. Plaintiff has wholly lacked diligence in prosecuting his case and has shown repeated contempt for the Court by ignoring its Orders. Even now Defendant has filed no opposition to Defendant's motion to dismiss the case as an ultimate sanction, nor has he so much as asked for more time to comply with the Court's Orders or for imposition of a

---

[2] Document No. 28 at 4.

[3] Id.

lesser sanction. The Court reluctantly concludes that dismissal is the only reasonable sanction remaining under these circumstances. FED. R. CIV. P. 37(b). Accordingly, it is

ORDERED that Defendant the University of Texas Health Science Center at Houston's Motion for Sanctions Against Plaintiff (Document No. 28) is GRANTED, and all of Plaintiff Eddie L. Horace's claims are DISMISSED with prejudice.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 3rd day of June, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE